IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES ANDREW HEGEDUS and ) <br> VIRGINIA ELLEN HEGEDUS, ) <br>  Appellants, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK NATIONAL ASSOC., ) <br> not in its individual capacity but ) <br> solely as trustee for the NRZ ) <br> PASS-THROUGH TRUST IX, ) <br>  Appellee. ) | Case No. 5:20-cv-00040 <br><br> By: Michael F. Urbanski <br> Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on appellants James A. Hegedus's and Virginia E. Hegedus's appeal of an order by the United States Bankruptcy Court for the Western District of Virginia pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8002. On June 18, 2020, the bankruptcy court entered an order denying, among other things, the appellants' request for relief from the order terminating the automatic stay. ECF No. 1-3. On June 26, 2020, the appellants filed a notice of appeal to this court. ECF No. 1. They filed their opening briefing on August 20, 2020. ECF No. 5. Appellee U.S. Bank National Association, not in its individual capacity but solely as trustee for the NRZ Pass-Through Trust IX (hereinafter "U.S. Bank"), filed its response on September 22, 2020, ECF No. 6, and the appellees replied, ECF No. 8. This matter is fully briefed and ripe for resolution. Because the court finds the bankruptcy court did not abuse its discretion in denying the appellants relief under Federal Rule of Civil Procedure 60(b), the court **AFFIRMS** the bankruptcy court's order.

I.      **Background**

On September 20, 2019, the Hegeduses filed for Chapter 7 bankruptcy in the Western District of Virginia. R. at 10 (ECF No. 2). As part of that petition, they claimed a $1 exemption under 11 U.S.C. § 522(b)(3)(B) for a property at 20231 Cubbage Pond Road in Lincoln, Delaware (hereinafter "the property" or "the Cubbage Pond property"), which was then-valued at $272,000. Id. at 26. They reported that Citizens Bank and Nationstar Mortgage, LLC, had disputed claims of $30,916.86 and $222,373, respectively, secured by the Cubbage Pond property. Id. at 30. The appellants also reported that they had a pending case against the Bank of New York Mellon "for mismanagement of mortgages" pending in Delaware Superior Court. Id. at 24, 28, 48. At that time, they intended to retain the property and "[p]ursue [l]oss [m]itigation [o]ptions" with both creditors. Id. at 53–54.

This bankruptcy filing was a bit muddled. The appellants consistently (and incorrectly) argue[1] that Nationstar Mortgage, LLC, is the mortgage holder for the Cubbage Pond property.

---

[1] At this point in the proceedings, U.S. Bank and the bankruptcy court both indicate that the Hegeduses are not be confused about who holds and who services their mortgage but, rather, intentionally seek to manipulate and prolong the bankruptcy process. See Order, ECF No. 1-3 at 9; R. at 172. The court notes that it has been involved in the Hegeduses' litigation over its Delaware property for the better part of a decade. See Hegedus v. Ross, No. 5:11-cv-18, 2011 WL 2960194 (W.D. Va. July 21, 2011) (dismissing for lack of jurisdiction an action against three Delaware residents for fraud, misrepresentation, and other torts arising out of the purchase of a home in Lincoln, Delaware); Hegedus v. Nationstar Mortgage, LLC, No. 5:16-cv-1, 2016 WL 5660239 (W.D. Va. Sept. 29, 2016) (adopting magistrate judge's report and recommendation dismissing an action brought by the Hegeduses against Nationstar alleging various state and federal claims related to its servicing of their mortgage); Hegedus v. Nationstar Mortgage, LLC, No. 5:17-cv-53, 2018 WL 1461747 (W.D. Va. Mar. 23, 2018) (adopting magistrate judge's report and recommendation dismissing in part a second action brought by the Hegeduses against Nationstar for conversion, fraud, breach of contract, and elder abuse, among other claims, related to Nationstar's servicing and foreclosure of the Cubbage Pond property); Hegedus v. Nationstar Mortgage, LLC, No. 5:17-cv-53, 2018 WL 6515147 (W.D. Va. Dec. 11, 2018) (adopting magistrate judge's report and recommendation dismissing claims in the Hegeduses' amended pleading as they were precluded by a final judgment in Delaware state court); Hegedus v. Nationstar Mortgage, LLC, No. 5:17-cv-53, 2020 WL 957464 (W.D. Va. Feb. 27, 2020) (denying the Hegeduses' motion to reopen the case under Rule 60(b) because the automatic stay in bankruptcy court did not render the court's prior orders void).

See id. at 69, 122, 136, 164, 172. In fact, Nationstar Mortgage, LLC, is the mortgage servicer, not the mortgage holder. See id. at 104–05. The mortgage was originally executed on June 14, 2006, between the appellants and First Horizon Home Loan Corporation ("First Horizon"). Id. at 81, 85. On September 5, 2013, First Horizon assigned the mortgage to the Bank of New York Mellon. Id. at 105. In December 2015, the Bank of New York Mellon filed a mortgage foreclosure action against the appellants. See Bank of New York Mellon v. Hegedus, No. S15L-12-053, 2017 WL 6451123, at *1 (Del. Super. Ct. Dec. 18, 2017), aff'd, 190 A.3d 998 (Del. 2018). The Delaware Superior Court ultimately entered judgment in favor of the Bank of New York Mellon in December 2017. Id. at *4; see also R. at 154–55. On May 16, 2019, the Bank of New York Mellon assigned the mortgage to U.S. Bank. Id. at 104.

On October 17, 2019, U.S. Bank filed a motion in the bankruptcy court for relief from an automatic stay, asking it to terminate the stay as to the Cubbage Pond property. Id. at 67–68. U.S. Bank explained its claim to the property and attached copies of the Note, the Deed of Trust, and the Assignment as exhibits. Id. at 68–69, 81–105.

On October 31, 2019, in a motion for an extension of time, the appellants indicated via their then-counsel that they wished to contest the pending motion for relief from the automatic stay and proceed pro se. Id. at 113. In their subsequently-filed pro se opposition, the appellants argued that they believed the Note and the Assignment submitted by U.S. Bank were "not authentic documents," the reported due date and amounts of missed payments differed from the appellants' records, certain charges were not included in the certification, and "'account delinquency' cannot constitute a cause for relief." Id. at 115–16. Because of the alleged issues with U.S. Bank's exhibits, the appellants argued that U.S. Bank did not have

3

standing to bring its motion or to make an appearance in the bankruptcy proceeding. Id. at 120–24.

On December 18, 2019, the bankruptcy court granted U.S. Bank's motion for relief from the automatic stay, allowing U.S. Bank to exercise any rights against the Cubbage Pond property. Id. at 128–29. On December 26, 2019, the bankruptcy court granted a discharge to the Hegeduses pursuant to 11 U.S.C. § 727. Id. at 131–34.

That same day, the appellants filed a "motion objecting to order terminating automatic stay," which did not object to the stay's termination but instead sought to alter the order's language. Id. at 135–36. Specifically, the appellants reasserted their standing argument and asked that the court's order reflect that their default was not "the determining factor" in lifting the automatic stay, that it was instead premised on the appellants' lack of standing to object to lifting the stay, and that the appellants were required by court order to participate in litigation in Delaware concerning the Cubbage Pond property. Id. at 136. The bankruptcy court denied this motion on January 29, 2020. Id. at 178.

On February 3, 2020, the appellants filed a "request for relief from order terminating automatic stay and relief from violation of discharge." Id. at 140. In this motion, the appellants argued that U.S. Bank's motion to lift the automatic stay was fraudulent and seemingly opposed U.S. Bank's involvement in the Delaware litigation over the Cubbage Pond property in place of the Bank of New York Mellon. Id. at 142–43. The appellants asked the bankruptcy court to "[enforce] the discharge of December 24, 2019, against Movant, which was granted…as a permanent statutory injunction," and to grant any other remedies the court saw fit. Id. at 144. The appellants attached to this motion an order from the Delaware Superior

4

Court granting summary judgment in a foreclosure proceeding to the Bank of New York Mellon. Id. at 154–55. In a supplemental pleading, the appellants argued that the Bank of New York Mellon has not assigned that judgment to U.S. Bank and "[i]n order to foreclose, [U.S. Bank] would have had to bring a new action in Delaware," which "would be a predicate for the doctrine of res judicata and would fail." Id. at 160. They also argued that U.S. Bank's actions were a violation of their discharge and barred by collateral estoppel, which requires "termination of the order terminating the automatic stay." Id. at 159. They continue to question the validity of U.S. Bank's claim to the Cubbage Pond property. Id. at 162–66.

U.S. Bank countered, in part, that the allegations were "nothing more than recitations of 'show me the note' theory, which has been universally rejected as 'contrary to Virginia's non-judicial foreclosure laws.'" Id. at 179 (citing Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011)). It also argued that the motion failed "to articulate a basis for relief…within the framework of Rule 60." R. at 179.

On June 19, 2020, the bankruptcy court denied the appellants' motion along with their subsequently filed motion for postponement and request for leave to amend an adversary complaint. ECF No. 1-3. The appellants have appealed only the bankruptcy court's order denying their "request for relief from order terminating automatic stay and relief from violation of discharge." R. at 140, 237.

**II.  Standard of Review**

The appellants sought relief from the order terminating the automatic stay under Federal Rule of Civil Procedure (hereinafter "Rule") 60(b), which is incorporated by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) enables courts to relieve a party of its

obligations from a final judgment, order, or proceeding under certain circumstances, including things like mistake, inadvertence, fraud, misconduct, voidness of the judgment, satisfaction of or discharge from the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[A] Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988). The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

District courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts. See 28 U.S.C. § 158(a). The district court reviews "[f]indings of fact by the bankruptcy court . . . only for clear error and legal questions are subject to de novo review." See In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992); see also In re Meredith, 527 F.3d 372, 375 (4th Cir. 2008); In re Dillon, 189 B.R. 382, 384 (W.D. Va. 1995). The district court may only consider evidence presented to the bankruptcy court and made part of the record. See In re Dillon, 189 B.R. at 384; In re Computer Dynamics, Inc., 253 B.R. 693, 697 (E.D. Va. 2000). "An abuse of discretion standard applies in the review of the [b]ankruptcy [c]ourt's denial of a Rule 60(b) motion." Robertson v. Comptroller of Maryland, No. RDB-20-1876, 2020 WL 6728963, at *2 (D. Md. Nov. 16, 2020) (citing Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008) (citation omitted).

As the appellants proceed pro se, their pleadings are entitled to liberal construction. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Analysis

The appellants ask this court to (1) reverse the bankruptcy court's order granting termination of the automatic stay, (2) hold that U.S. Bank had no standing to file a motion seeking relief from the automatic stay in the first place, (3) find that U.S. Bank violated the discharge by engaging in foreclosure proceedings in Delaware state court, and (4) grant any further relief as the court deems necessary. ECF No. 5 at 21; ECF No. 8 at 6. U.S. Bank argues that the only issue before the court is whether the bankruptcy court abused its discretion by denying the appellants' motion for relief from the order terminating the automatic stay. ECF No. 6 at 1. U.S. Bank asserts that appellants' "mish mash" of claims fails to meet the Rule 60(b) standard. Id. at 6. The court agrees with U.S. Bank and finds that the bankruptcy court did not abuse its discretion in denying relief because the appellants have not demonstrated that "granting that relief will not in the end have been a futile gesture, by showing that [they have] a meritorious defense or claim." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990).

**A. The court will not reverse the bankruptcy court's order granting relief from the automatic stay.**

As a threshold matter, the court will not reverse the bankruptcy court's order granting termination of the automatic stay. The appellants ask the court to reverse this order though they never appealed it. The bankruptcy court granted U.S. Bank's motion for relief from the automatic stay on December 18, 2019. R. at 128–29. The appellants' objection to that order, filed on December 26, 2019, opposed the bankruptcy court's stated reasoning but not its result, id. at 135–36, and the appellants ultimately did not appeal its denial, id. at 178. It is the

bankruptcy court's later denial of appellants' "request for relief from order terminating automatic stay and relief from violation of discharge" that is before this court. Id. at 140; see also ECF Nos. 1, 1-3. In fact, the appellee has tailored its arguments on appeal to this procedural posture and the abuse of discretion standard. ECF No. 6.

Still, the bankruptcy court's order denying appellants' request for relief bears directly on the order terminating the automatic stay. For that reason and in the interest of fair treatment of pro se litigants, the court notes that if it were to construe the appellants' motion liberally as an appeal of the bankruptcy court's order granting termination of the automatic stay and its order denying their Rule 60(b) request for relief, its disposition would not change. This court has combed through the record in search of any meritorious defense or claim the appellants may have related to the order terminating the automatic stay and has found none.

**B. U.S. Bank is the proper creditor and had standing to file a motion seeking relief from the automatic stay.**

The appellants argue that the bankruptcy court erred by not having U.S. Bank prove its standing to file a motion for relief from the automatic stay or to take certain actions in Delaware state court. In short, they argue that U.S. Bank is not and was not "the holder or the assignee of the Note" when they filed their motion for relief from the automatic stay. ECF No. 5 at 12. Therefore, they argue, U.S. Bank had no business seeking relief from the automatic stay to proceed against the Cubbage Pond property in Delaware state court. Id. Relatedly, the appellants argue that U.S. Bank defrauded the court by filing a false deed of trust and that U.S. Bank has failed to truly show it is a secured creditor. ECF No. 5 at 11–15.

The court finds that the bankruptcy court did not abuse its discretion in affirming U.S. Bank's standing to seek relief from the automatic stay to proceed against the Cubbage Pond

property in rem. U.S. Bank had standing to file a motion for relief from the automatic stay as soon as the Bank of New York Mellon assigned its interest in the Cubbage Pond property to U.S. Bank on May 16, 2019. R. at 104. U.S. Bank filed its motion with the bankruptcy court months after that. Id. at 67–68.

The bankruptcy court found no issue with U.S. Bank's exhibits demonstrating its assignment. ECF No. 1-3 at 7 n. 3. These exhibits do not reflect that U.S. Bank, "by their own self-denomination," appointed itself as a secured creditor. ECF No. 5 at 5. Rather, they reflect that the Bank of New York Mellon lawfully assigned its interest in the Cubbage Pond property to U.S. Bank. As U.S. Bank correctly argues, the bankruptcy court was not obligated to order U.S. Bank to present the original Note. See Gallant v. Deutsche Bank Nat. Trust Co., 766 F. Supp. 2d 714, 720–21 (W.D. Va. 2011) ("[C]ourts have routinely rejected the "show me the note" theory on the ground that foreclosure statutes simply do not require production of the original note…. Accordingly, the defendant's inability to produce the original note did not render the foreclosure sale invalid, and the plaintiff's claim to the contrary must be dismissed.").[2]

In Delaware Superior Court, the appellants raised similar arguments against the Bank of New York Mellon, contesting "whether the Plaintiff was the real party in interest and had standing…." Bank of New York Mellon v. Hegedus, CV S15L-12-053, 2017 WL 6451123, at *1 (Del. Super. Dec. 18, 2017), aff'd, 190 A.3d 998 (Del. 2018). The Delaware Superior Court

---

[2] For good measure, the court notes that all three of U.S. Bank's exhibits supporting its motion are readily available online through Sussex County's Official Records Search database. See Sussex County, Official Records Search, https://deeds.sussexcountyde.gov/LandmarkWeb/search/index?theme=.blue&section=searchCriteriaName&quickSearchSelection=# (last visited Feb. 3, 2021) (search "Hegedus").

9

rejected those arguments against the Bank of New York Mellon. Id. at *3. The bankruptcy court properly rejected the appellants' similar accusations of U.S. Bank in this case. The court finds no abuse of discretion in the bankruptcy court's finding that U.S. Bank had standing to file its motion for relief from the automatic stay.

Moreover, the bankruptcy court noted that the automatic stay had already expired by the time it entered its order terminating it. Because the appellants' prior bankruptcy case had been dismissed within the previous year, the automatic stay terminated on the thirtieth day after their petition was filed, pursuant to 11 U.S.C. § 362(c)(3). See ECF No. 1-3 at 6. Accordingly, the automatic stay terminated on October 30, 2019. Id. The bankruptcy court granted U.S. Bank relief from the automatic stay on December 18, 2019. R. at 128–29. This relief was unnecessary at the time because the stay was no longer in place anyway and vacating the order granting that relief would be pointless and unhelpful to the appellants. ECF No. 1-3 at 6. Accordingly, the bankruptcy court did not abuse its discretion in denying the appellants' Rule 60(b) motion.

### C. The appellants' discharge was not violated.

Finally, the appellants claim that "[t]he bankruptcy discharge clearly operates as an injunction against the continuation of actions by U.S. Bank National in Delaware." ECF No. 5 at 21. This is incorrect. The bankruptcy court's order explicitly states that it did "not find based on the evidence presented that U.S. Bank has violated the discharge injunction, nor is attempting to proceed against Mr. and Mrs. Hegedus on any personal liability," explaining that U.S. Bank has instead sought to enforce its rights under the deed of trust to foreclose on the

Cubbage Pond property in rem but not to proceed against the appellants in personam. ECF No. 1-3 at 7.

As U.S. Bank correctly argues in its brief, ECF No. 6 at 7, creditors may enforce a valid lien after the underlying debt has been discharged. Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) ("Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an 'enforceable obligation' of the debtor."). In other words, the appellants' discharge "eliminates personal liability for debts not excepted from discharge, but leaves intact in rem claims." In re Davis, 716 F.3d 331, 332 (4th Cir. 2013); see also Lovegrove v. Ocwen Home Loan Servicing, LLC, 666 F. App'x 308, 312 n. 6 (4th Cir. 2016) (similar).[3] The bankruptcy court did not abuse its discretion in finding that appellants' discharge was not violated.

## IV. Conclusion

In sum, the court finds that the appellants' have not advanced any meritorious defenses or claims and granting their requested relief would be "a futile gesture." Bulala, 905 F.2d at 769. Accordingly, the court **AFFIRMS** the bankruptcy court's order denying the appellants'

---

[3] In other portions of their brief, the appellants argue that their mortgage could not have been validly assigned to U.S. Bank because "merged into the judgment of foreclosure [in Delaware state court] with the result that there is no mortgage to reinstate." ECF No. 5 at 15. The Fourth Circuit's explanation in In re Davis, 716 F.3d at 332, also demonstrates that this is not true. Chapter 7 discharges leave in rem claims intact; they do not dissolve mortgages.

11

request for relief from the order terminating the automatic stay. An appropriate order will be entered.

    It is so **ORDERED**.

Entered: February 24, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.24 14:42:02
-05'00'

Michael F. Urbanski
Chief United States District Judge